EARL O. JOHNSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 8259. Decided October 29, 1926.

*David A. Gates, Esq.,* for the petitioner.
*Ward Loveless, Esq.,* for the respondent.

TRAMMELL: This is a proceeding for the redetermination of a deficiency in income taxes for 1920 and 1921 in the amount of $24,147.04. The deficiency is based upon the action of the Commissioner in treating the proceeds of the sale of certain stock as belonging to the taxpayer instead of to his wife. The 50 per cent penalty was also imposed by the Commissioner upon the taxpayer, upon the ground that he had made a false and fraudulent return in that he had failed to include the proceeds of the sale of stock in his income-tax return. The taxpayer at the hearing amended his petition to claim as an error the action of the Commissioner in disallowing a loss in a business transaction during the year, but no competent evidence was introduced with respect to such loss.

FINDINGS OF FACT.

Earl O. Johnson, the taxpayer, acquired 50 shares of stock of the par value of $5,000 in the Thane Lumber Co. in 1914. This stock cost him $5,000. On January 8, 1920, the taxpayer transferred to his wife, Roberta D. Johnson, 40 shares of the stock. He delivered the stock certificate representing 50 shares to the corporation, and a new certificate representing 40 shares was issued in the name of .Mrs. Johnson on January 8, 1920, in lieu thereof. Mrs. Johnson signed a receipt for the certificate. A certificate for the other 10 shares was issued in the name of the taxpayer.

When the stock was transferred to Mrs. Johnson on January 8, 1920, she turned it over to Thane, president of the Desha Bank, for safekeeping. Thane had been closely associated with the taxpayer for many years and Mrs. Johnson had absolute confidence in him.

The taxpayer had the 50 shares of stock, together with other securities, deposited with Thane as security for an indebtedness in the amount of approximately $5,000 which the taxpayer owed Thane.

On March 8, 1920, the 50 shares of stock, which included the 40 shares transferred by the taxpayer to his wife, were sold to the Thane Lumber Co. for $65,000, of which $10,000 was paid in cash and the balance was represented by 22 promissory notes of $2,500 each, bearing 6 per cent interest. These notes became due at intervals of thirty days after March 8, 1920. Mrs. Johnson endorsed the certificate representing the 40 shares and the taxpayer endorsed the certificate representing the 10 shares.

All dealings with respect to the sale of the stock were carried on by the taxpayer. He received the cash and the notes were payable to him. Four of these notes for $2,500 each were endorsed to Johnson Brothers Hardware Co. The remainder of the notes were endorsed by E. O. Johnson and he received the cash or credit for them.

On January 12, 1920, there was a meeting of the stockholders of the Thane Lumber Co. and the pertinent portion of the minutes of that meeting is as follows:

Pursuant to notice in writing of the meeting of stockholders issued by secretary Dec. 1st 1919, the stockholders of the Thane Lumber Company met in session with H. Thane acting as chairman. The following shares were represented:

50 shares H. Thane by self
50 " E. O. Johnson by self
1 " A. Kimball by self
49 " Mrs. A. Kimball by self
50 " G. W. Reese by self

The advisability of increasing the amount of capital stock was discussed and the following resolution read and unanimously adopted.

On March 6, 1920, a meeting was held of the directors of the Thane Lumber Co., at the Desha Bank & Trust Co. building in Arkansas City, Ark. At that meeting a resolution was passed the pertinent parts of which are as follows:

E. O. Johnson, president, having signified his desire to resign as president and to dispose of his interest in the Thane Lumber Company, it was decided for the Thane Lumber Company to buy his interest on the following basis: Upon delivery of his 50 shares the Thane Lumber Company to pay him sixty-five thousand dollars ($65,000), ten thousand dollars ($10,000) in cash and twenty-two (22) notes of twenty-five hundred dollars ($2,500) each bearing six per cent interest.

No negotiations were had with respect to the sale of the stock until a few days before the sale in March, 1920.

The taxpayer and his wife had had domestic difficulties for about a year prior to the transfer of the stock to her, and the stock was transferred to her in an effort to adjust their differences or for her benefit in case of separation. After the transfer and about the time of the sale of the stock, their marital troubles had been settled and Mrs. Johnson authorized the taxpayer to handle the matter as he saw fit and to use the purchase price.

The transaction was an actual conveyance of the stock to Mrs. Johnson in January, 1920. The income-tax return in which the taxpayer reported no profit with respect to the 40 shares of stock was not false or fraudulent.

*Judgment will be entered on 15 days' notice, under Rule 50.*